## SIRMANS *v.* CARSON NAVAL STORES COMPANY *et al.*

No. 11682. April 14, 1937.

*Corbitt & Sumner,* for plaintiff. *R. A. Moore,* for defendants.

Beck, Presiding Justice. Sirmans & McDonald, a copartnership composed of J. O. Sirmans and Dan McDonald, in January, 1929, executed a deed to secure a debt of the firm to Carson Naval Stores Company, conveying, besides other property, two described parcels or tracts of real estate in Atkinson County, the land here in controversy. These two pieces of real estate had previously been purchased by and conveyed to J. O. Sirmans, and at the time of the execution of the security deed referred to there was no record of any conveyance of title out of him, but the record title was in him. Mrs. J. O. Sirmans, the wife of J. O. Sirmans, brought her petition against Carson Naval Stores Company to enjoin enforcement of the power of sale contained in the security deed in case of default in the payment of note to secure which it was given, alleging that at the time of the execution of the security deed she, and not her husband or any one else, had title to the real estate in question; that the representatives of the Naval Stores Company received verbal notice to that effect from her husband at the time of and before the execution of the security deed; that she was at that time in possession of one of the tracts, and her husband was working for her, and a tenant named Fred Heyward was residing thereon as her tenant, and that as to the other property in question she was occupying the same by conducting it as a livery-stable, her husband working for her. There was no interlocutory hearing, but on the trial before a jury the contentions of the plaintiff were supported by the testimony of her husband, J. O. Sirmans, and his partner, Dan McDonald. The plaintiff herself did

not testify, neither did her alleged tenant. Deeds of conveyance by J. O. Sirmans to his wife, dated February 2, 1926, were introduced in evidence, showing date of their record as December 28, 1931. Sirmans testified that he sold the two pieces of real estate to his wife and delivered deeds to her at the time of their execution; that is, before the execution of the security deed to the Naval Stores Company.

The contention of the plaintiff that representatives of the Naval Stores Company were given verbal notice by her husband that the property in question was owned by his wife were flatly denied by those persons, who testified as witnesses for the defendant. They testified that before taking the security deed from Sirmans & McDonald they found the record title to be in J. O. Sirmans, but that these properties were returned for taxes in the name of Mrs. Sirmans, and that when they mentioned this fact to the husband he stated emphatically that his wife had no interest whatever in the same, that he was the sole owner, and that he made returns of all his property in one name, his wife's name; and that it was after this assurance and explanation by J. O. Sirmans that they took the security deed. The jury returned a verdict in favor of the defendant. A motion for a new trial was overruled, and the plaintiff excepted.

■ Under the facts of this case, the court did not err in charging the jury as follows: "I charge you that possession of property, that is, real estate, may sometimes operate as notice itself; and in this connection the court charges you that possession of land is notice of whatever right or title the occupant has. Possession by the husband with the wife is presumptively the husband's possession, but that presumption may be rebutted by proof." Or in charging: "So if in this case you believe Mrs. Sirmans was in possession of the property in question at the date of the execution and delivery of the security deed, then that would be notice of her title, or whatever title she had, to the Carson Naval Stores Company, and the Carson Naval Stores Company under such circumstances could not prevail in the suit." Nor did the court err in giving the further charge complained of in the last ground of the motion for new trial, to wit: "If, on the other hand, you do not believe that she was in possession of the property at the date of the execution and delivery of the security deed, but should believe

that her husband was in possession of the property in question, then that would not operate as notice to the Carson Naval Stores Company of any right or title the wife, that is, Mrs. J. O. Sirmans, may have held or owned in the property. In other words, for possession to operate as notice, it must be her possession, or that of her servants, agents, or employees." If the plaintiff in error desired instructions more fully covering the issues submitted than are contained in these excerpts from the charge, she should have made a timely written request therefor. There is no exception to failure of the court, in other parts of the charge than those specially referred to, to give such instructions to the jury as made the principles of law involved applicable to the case.

The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*